UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

NAIM QASEMI,

                        Petitioner,                        Case # 25-CV-6020-FPG

v.

                                                                                 DECISION & ORDER

MERRICK B. GARLAND, et al.,

                        Respondents.

      On April 9, 2025, the Court denied Petitioner's habeas corpus petition, in which he sought release from immigration custody under the framework set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 14. In the course of rejecting Petitioner's claim that his removal in the reasonably foreseeable future was unlikely, the Court resolve several factual disputes against Petitioner. As is relevant here, the Court found that Petitioner's removal would have been effectuated in October 2024 but for his noncooperation at the Abu Dhabi airport. *Id.* at 5-10. Furthermore, even though Petitioner could no longer be removed because of intervening diplomatic obstacles, the Court was "satisfied" by Respondents' proffer that those obstacles would be removed "in the reasonably foreseeable future." *Id.* at 11. The Court denied the petition without prejudice to renewal in the future.

      Petitioner has submitted a motion for reconsideration, in which he submits new evidence to further support his position. ECF Nos. 16, 17.

      First, Petitioner presents a certified translation of the tazkira that ICE possessed in connection with the October 2024 removal. The certified translation is dated April 4, 2025. *See* ECF No. 16-1 at 16. Previously, Petitioner had presented a copy of the tazkira with an uncertified translation. ECF No. 6 at 24-36. Petitioner states that the certified translation proves his position

1

that the tazkira does not belong to him.  *See* ECF No. 16 at 4-5; ECF No. 6 at 1-2.  In Petitioner's view, this evidence establishes that his travel documents for the October 2024 removal were invalid, and it "undermines Respondents' claim that they could have removed [Petitioner]" at that time.  ECF No. 16 at 5.

Second, Petitioner presents a psychological evaluation dated May 5, 2025.  ECF No. 16-1 at 18-28.  The physician conducting the evaluation concluded that Petitioner meets the criteria for PTSD and genuinely fears for his life should he be removed to Afghanistan.  *See id.* at 21-26.  The physician opines that Petitioner's outburst at the Abu Dhabi airport was linked to his PTSD symptoms.  *Id.* at 27.  Based on this evaluation, Petitioner asserts that his outburst at the airport cannot be counted against him as "lack of cooperation."  ECF No. 16 at 6.

More generally, Petitioner raises new arguments disputing the Court's rationale for finding Petitioner's account not credible.  *See id.* at 6-8.

Petitioner's motion is denied.  The Court will not address the merits of Petitioner's new evidence and arguments, which appear to be, at least facially, relevant to his *Zadvydas* claim.  This is because a motion for reconsideration may be granted "only when the moving party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).  To succeed on a motion for reconsideration based on the availability of new evidence, the "movant must present evidence that is truly newly discovered or could not have been found by due diligence."  *Treistman v. McGinty*, 804 F. App'x 98, 101 (2d Cir. 2020) (summary order) (internal ellipsis omitted).

Petitioner's motion does not meet this strict standard. The certified translation was completed nearly a week *before* the issuance of the Court's decision, and so cannot be considered newly discovered. And, with respect to both documents, Petitioner offers no explanation to establish his diligence—*i.e.*, why he could not have obtained either the certified translation or the evaluation earlier. Although Petitioner initiated this litigation *pro se*, he has been represented by counsel since, at the latest, early February 2025, *see* ECF No. 5, and his counseled reply brief—which directly addressed the same issues implicated by this new evidence—was not filed until nearly two months later. *See* ECF No. 13. Under these circumstances, reconsideration would not be appropriate. *See Ramgoolie v. Ramgoolie*, No. 22-1409, 2024 WL 4429420, at *5 (2d Cir. Oct. 7, 2024) (district court reasonably concluded that supplemental exhibits did not "constitute new evidence to justify granting reconsideration," where the movant "made no effort to explain or justify her failure to produce them earlier" (internal quotation marks omitted)); *Palmer v. Sena*, 474 F. Supp. 2d 353, 355-56 (D. Conn. Mar. 5, 2007) (expert's causation opinion was not "newly discovered evidence" since, in the exercise of due diligence, the opinion "would have been available to [the movant]" had she timely asked for it from the expert).

At bottom, "[t]he availability of a motion to reconsider" is not "an invitation . . . to treat the court's initial decision as the opening of a dialogue" in which the movant may "advance new theories or adduce new evidence in response to the court's rulings." *Bausch & Lomb Inc. v. Vitamin Health, Inc.*, No. 13-CV-6498, 2015 WL 13574357, at *1 (W.D.N.Y. Sept. 29, 2015). Petitioner was not entitled to habeas relief on the basis of the record before the Court at the time it rendered its decision. Whether Petitioner could be entitled to habeas relief on the basis of the new information he presents, or any other recent developments, is not a matter on which the Court will

3

opine—though, as the Court previously stated, Petitioner remains free to file a new petition "in the future." ECF No. 14 at 12.

Accordingly, Petitioner's motion for reconsideration (ECF Nos. 16, 17) is DENIED. The case remains closed.

IT IS SO ORDERED.

Dated: May 8, 2025
       Rochester, New York

                                       HON. FRANK P. GERACI, JR.
                                       United States District Judge
                                       Western District of New York